UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| SHAWN J. HOINES,<br><br>                    Plaintiff,<br><br>       v.<br><br>CAROLYN W. COLVIN, Acting<br>Commissioner of Social Security,<br><br>                    Defendant. | NO.  C15-1048-BHS-JPD<br><br><br>REPORT AND<br>RECOMMENDATION |

Plaintiff Shawn J. Hoines appeals the final decision of the Commissioner of the Social Security Administration ("Commissioner") that denied his application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. §§ 401-33, after a hearing before an administrative law judge ("ALJ").  For the reasons set forth below, the Court recommends that the Commissioner's decision be REVERSED and REMANDED for further administrative proceedings.

I.   FACTS AND PROCEDURAL HISTORY

Plaintiff is a 50-year-old man with a high school diploma and additional training as a real estate agent.  Administrative Record ("AR") at 37.  His past work experience includes employment as a car salesman, cook, fisherman, and sales consultant.  AR at 240, 271. Plaintiff was last gainfully employed in January 2009.  *Id*.

REPORT AND RECOMMENDATION - 1

On April 27, 2012, he protectively filed an application for DIB, alleging an onset date of January 1, 2009. AR at 193-94, 203. Plaintiff asserts that he is disabled due to bipolar disorder, high blood pressure, diabetes, degenerative disc disease, gout, recurring MRSA, memory loss, and anxiety. AR at 239.

The Commissioner denied Plaintiff's claim initially and on reconsideration. AR at 121-29, 131-37. Plaintiff requested a hearing, which took place on July 24, 2013. AR at 33-78. On November 25, 2013, the ALJ issued a decision finding Plaintiff not disabled and denied benefits based on her finding that Plaintiff could perform a specific job existing in significant numbers in the national economy. AR at 15-26. Plaintiff's administrative appeal of the ALJ's decision was denied by the Appeals Council, AR at 1-5, making the ALJ's ruling the "final decision" of the Commissioner as that term is defined by 42 U.S.C. § 405(g). On June 29, 2015, Plaintiff timely filed the present action challenging the Commissioner's decision. Dkt. 1, 3.

## II.     JURISDICTION

Jurisdiction to review the Commissioner's decision exists pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3).

## III.     STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). "Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in

medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

## IV.   EVALUATING DISABILITY

As the claimant, Mr. Hoines bears the burden of proving that he is disabled within the meaning of the Social Security Act (the "Act"). *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999) (internal citations omitted). The Act defines disability as the "inability to engage in any substantial gainful activity" due to a physical or mental impairment which has lasted, or is expected to last, for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A claimant is disabled under the Act only if his impairments are of such severity that he is unable to do his previous work, and cannot, considering his age, education, and work experience, engage in any other substantial gainful activity existing in the national economy. 42 U.S.C. §§ 423(d)(2)(A); *see also Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999).

The Commissioner has established a five step sequential evaluation process for determining whether a claimant is disabled within the meaning of the Act. *See* 20 C.F.R. §§ 404.1520, 416.920. The claimant bears the burden of proof during steps one through four. At step five, the burden shifts to the Commissioner. *Id.* If a claimant is found to be disabled at any step in the sequence, the inquiry ends without the need to consider subsequent steps. Step one asks whether the claimant is presently engaged in "substantial gainful activity." 20 C.F.R.

REPORT AND RECOMMENDATION - 3

§§ 404.1520(b), 416.920(b).[1]  If he is, disability benefits are denied.  If he is not, the Commissioner proceeds to step two.  At step two, the claimant must establish that he has one or more medically severe impairments, or combination of impairments, that limit his physical or mental ability to do basic work activities.  If the claimant does not have such impairments, he is not disabled.  20 C.F.R. §§ 404.1520(c), 416.920(c).  If the claimant does have a severe impairment, the Commissioner moves to step three to determine whether the impairment meets or equals any of the listed impairments described in the regulations.  20 C.F.R. §§ 404.1520(d), 416.920(d).  A claimant whose impairment meets or equals one of the listings for the required twelve-month duration requirement is disabled.  *Id.*

When the claimant's impairment neither meets nor equals one of the impairments listed in the regulations, the Commissioner must proceed to step four and evaluate the claimant's residual functional capacity ("RFC").  20 C.F.R. §§ 404.1520(e), 416.920(e).  Here, the Commissioner evaluates the physical and mental demands of the claimant's past relevant work to determine whether he can still perform that work.  20 C.F.R. §§ 404.1520(f), 416.920(f).  If the claimant is able to perform his past relevant work, he is not disabled; if the opposite is true, then the burden shifts to the Commissioner at step five to show that the claimant can perform other work that exists in significant numbers in the national economy, taking into consideration the claimant's RFC, age, education, and work experience.  20 C.F.R. §§ 404.1520(g), 416.920(g); *Tackett*, 180 F.3d at 1099, 1100.  If the Commissioner finds the claimant is unable to perform other work, then the claimant is found disabled and benefits may be awarded.

---

[1] Substantial gainful activity is work activity that is both substantial, i.e., involves significant physical and/or mental activities, and gainful, i.e., performed for profit.  20 C.F.R. § 404.1572.

REPORT AND RECOMMENDATION - 4

V.   DECISION BELOW

On November 25, 2013, the ALJ issued a decision finding the following:

1. The claimant meets the insured status requirements of the Act through December 31, 2013.

2. The claimant has not engaged in substantial gainful activity since January 1, 2009, the alleged onset date.

3. The claimant's lumbar disc disorder, atrial fibrillation, MRSA (difficult to control during hospitalization), alcoholism (currently in remission), and depression are severe.

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.

5. The claimant has the RFC to perform light work as defined in 20 C.F.R. § 404.1567(b) except: he needs a chance to stand and stretch; he can occasionally stoop, kneel, and crawl; he should avoid concentrated exposure to vibration; the claimant can understand, remember and perform routine tasks in a non-public setting; he should have minimal interaction with co-workers.

6. The claimant is unable to perform any past relevant work.

7. Considering the claimant's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that the claimant can perform.

8. The claimant has not been under a disability, as defined in the Act, from January 1, 2009, through the date of this decision.

AR at 17-26.

VI.   ISSUES ON APPEAL

The principal issues on appeal are:

1. Did the ALJ err by failing to explicitly rule on Plaintiff's motion to reopen a prior application?[2]

2. Did the ALJ err in discounting Plaintiff's credibility?

---

[2] The Commissioner agrees with Plaintiff that the relevant period under consideration by the ALJ dates back to January 1, 2009, thus mooting this issue. Dkt. 12 at 2; Dkt. 13 at 1 n.1.

REPORT AND RECOMMENDATION - 5

3.     Did the ALJ err in assessing the medical opinion evidence?

4.     Did the ALJ err in discounting lay witness evidence?

Dkt. 11 at 1.

## VII.   DISCUSSION

A.     <u>The ALJ Erred in Discounting Plaintiff's Credibility</u>.

The ALJ provided a number of reasons to discount Plaintiff's credibility, including (1) inconsistent medical evidence, (2) his lack of candor regarding drug and alcohol use, (3) inconsistent daily activities, and (4) his continued smoking against medical advice.  AR at 21-23.  Plaintiff argues that these reasons are not legally sufficient, and the Court will address each reason in turn.

1.     *Legal Standards*

As noted above, credibility determinations are within the province of the ALJ's responsibilities, and will not be disturbed, unless they are not supported by substantial evidence.  A determination of whether to accept a claimant's subjective symptom testimony requires a two-step analysis.  20 C.F.R. §§ 404.1529, 416.929; *Smolen*, 80 F.3d at 1281; SSR 96-7p.  First, the ALJ must determine whether there is a medically determinable impairment that reasonably could be expected to cause the claimant's symptoms.  20 C.F.R. §§ 404.1529(b), 416.929(b); *Smolen*, 80 F.3d at 1281-82; SSR 96-7p.  Once a claimant produces medical evidence of an underlying impairment, the ALJ may not discredit the claimant's testimony as to the severity of symptoms solely because they are unsupported by objective medical evidence.  *Bunnell v. Sullivan*, 947 F.2d 341, 343 (9th Cir. 1991) (en banc); *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1988).  Absent affirmative evidence showing that the claimant is malingering, the ALJ must provide "clear and convincing" reasons for rejecting the claimant's testimony.  *Smolen*, 80 F.3d at 1284; *Reddick*, 157 F.3d at 722.

When evaluating a claimant's credibility, the ALJ must specifically identify what testimony is not credible and what evidence undermines the claimant's complaints; general findings are insufficient. *Smolen*, 80 F.3d at 1284; *Reddick*, 157 F.3d at 722. The ALJ may consider "ordinary techniques of credibility evaluation" including a reputation for truthfulness, inconsistencies in testimony or between testimony and conduct, daily activities, work record, and testimony from physicians and third parties concerning the nature, severity, and effect of the symptoms of which he complains. *Smolen*, 80 F.3d at 1284; *see also Light v. Social Sec. Admin.*, 119 F.3d 789, 792 (9th Cir. 1997).

2.     *Inconsistent Medical Evidence*

The ALJ cited medical evidence showing that many of Plaintiff's physical and mental examinations led to normal findings. AR at 22. Plaintiff argues that the ALJ cherry-picked normal findings out of a record that also contains abnormal findings. Dkt. 11 at 3-5. The Court agrees that the ALJ's summary of the medical evidence does not account for large swaths of the record that indicate abnormal findings of both a physical and mental nature, and also notes that the Commissioner does not defend this portion of the ALJ's rationale. *See* Dkt. 12 at 4-5.

3.     *Lack of Candor Regarding Drug and Alcohol Use*

The ALJ found that Plaintiff had not been candid about his alcoholism, yet cited no portion of the record to support that finding. AR at 22. Instead, the ALJ cited ways in which Plaintiff's alcohol and marijuana use led to hospital admissions. AR at 22 (citing AR at 474, 538, 556, 559). The ALJ's decision suggests that a summary of Plaintiff's inconsistent statements regarding alcoholism may be located in another portion of the decision, but no portion of the decision actually identifies inconsistent statements regarding drug or alcohol use. AR at 22 ("for the reasons discussed both above and below"). Such inconsistencies would

REPORT AND RECOMMENDATION - 7

amount to a clear and convincing reason to discount Plaintiff's credibility, but the ALJ did not identify any, and this her reasoning lacks the requisite specificity. *See Verduzco v. Apfel*, 188 F.3d 1087, 1090 (9th Cir. 1999).

    4.    *Daily Activities*

The ALJ detailed the ways in which Plaintiff's reported limitations were inconsistent with his reported activities. AR at 22-23. For example, the ALJ noted that Plaintiff reported that he could not sit or stand for a long time and had difficulty balancing, yet he could care for his mother, complete his own personal care, prepare his own meals every day, complete house and yard work, work in his garage, walk, drive, and ride a bicycle. AR at 22 (citing AR at 257-59). Plaintiff also reported problems socializing with others, yet he was able to live with family members, go outside every day, shop in stores, visit with friends, regularly attend church, get along with authority figure, and attend AA meetings. AR at 22 (citing AR at 256, 258, 260-62, 490). The ALJ also noted that although Plaintiff alleged memory problems, he did not need reminders to complete his personal care activities, take his medicine, or go places, and was also able to pay bills, count change, and finish what he starts. AR at 23 (citing AR at 258-61).

Plaintiff argues that in finding his activities to be inconsistent with his reported limitations, the ALJ did not account for the decrease in his functionality caused by his coma, which occurred after Plaintiff completed his function report, and therefore the ALJ to compare Plaintiff's pre-coma activities with his post-coma limitations. Dkt. 11 at 7. The Commissioner does not directly respond to this argument or explain why the ALJ's finding is supported by substantial evidence. Dkt. 12 at 4. Because the ALJ did not identify a relevant inconsistency by comparing pre-coma activities to post-coma allegations, the ALJ failed to cite substantial evidence to support this rationale.

REPORT AND RECOMMENDATION - 8

5.   *Failure to Stop Smoking Against Medical Advice*

The ALJ noted that on one occasion, a medical provider told Plaintiff to stop smoking. AR at 23 (citing AR at 504). The cited note indicates that Plaintiff understood the recommendation, intended to quit, and was already switching to electronic nicotine cigarettes. AR at 504. There are, however, subsequent references in the record to Plaintiff's continued smoking. *See, e.g.*, AR at 602, 679-80.

Plaintiff argues that the ALJ erred in finding that his continued smoking against medical advice undermined his credibility, because the record shows that it was difficult for him to follow medical advice due to addiction, but not that he refused to follow prescribed treatment. Dkt. 11 at 9. The Commissioner offers no defense of this reasoning. Dkt. 12 at 4.

The one treatment note cited by the ALJ in support of this reason does not establish any connection between Plaintiff's impairments/limitations and his smoking; it simply references "statistics of smoking-related illnesses as well as the economic impact." AR at 504. This note, in itself, does not establish that Plaintiff refused to comply with treatment recommendations related to his impairments, and it is not clear that this note therefore undermines the credibility of his allegation of disability.

Because the ALJ failed to provide clear and convincing reasons to discount Plaintiff's credibility, the ALJ shall reconsider Plaintiff's credibility on remand.[3]

---

[3] Although Plaintiff requested a remand for payment of benefits, this remedy is not appropriate under the circumstances of this case. There is conflicting evidence in the record as to Plaintiff's disability, and the Court has serious doubts as to whether Plaintiff is disabled, given the conflicting medical opinions and the fact that a consultative examiner suspected that Plaintiff was under the influence of alcohol at the time of the examination. *See, e.g.* AR at 490. Because the evidence does not overwhelmingly support a finding of disability, a remand for further proceedings is appropriate. *See Dominguez v. Colvin*, No. 13-17380, slip op. at 9 (9th Cir. Dec. 14, 2015) ("Only when all factual issues in the record have been resolved, overwhelming evidence establishes that the claimant is disabled, and the government points to

B.     <u>The ALJ Erred in Assessing Some Medical Opinions.</u>

Plaintiff challenges the ALJ's assessment of medical opinions provided by consultative psychologist Erica Rubin, Psy.D.; consulting psychiatrist Anselm Parlatore, M.D.; treating provider Anne Herbert, PA-C; and treating therapist Darleen Kildow, LMHC. The Court will address each disputed opinion in turn.

1.     *Legal Standards*

As a matter of law, more weight is given to a treating physician's opinion than to that of a non-treating physician because a treating physician "is employed to cure and has a greater opportunity to know and observe the patient as an individual." *Magallanes*, 881 F.2d at 751; *see also Orn v. Astrue*, 495 F.3d 625, 631 (9th Cir. 2007). A treating physician's opinion, however, is not necessarily conclusive as to either a physical condition or the ultimate issue of disability, and can be rejected, whether or not that opinion is contradicted. *Magallanes*, 881 F.2d at 751. If an ALJ rejects the opinion of a treating or examining physician, the ALJ must give clear and convincing reasons for doing so if the opinion is not contradicted by other evidence, and specific and legitimate reasons if it is. *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1988). "This can be done by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Id.* (citing *Magallanes*, 881 F.2d at 751). The ALJ must do more than merely state his/her conclusions. "He must set forth his own interpretations and explain why they, rather than the doctors', are correct." *Id.* (citing *Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988)). Such conclusions must at all times be supported by substantial evidence. *Reddick*, 157 F.3d at 725.

---

no evidence to the contrary, have we held a district court abused its discretion in failing to remand for benefits.").

The opinions of examining physicians are to be given more weight than non-examining physicians. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). Like treating physicians, the uncontradicted opinions of examining physicians may not be rejected without clear and convincing evidence. *Id.* An ALJ may reject the controverted opinions of an examining physician only by providing specific and legitimate reasons that are supported by the record. *Bayliss,* 427 F.3d at 1216.

Opinions from non-examining medical sources are to be given less weight than treating or examining doctors. *Lester*, 81 F.3d at 831. However, an ALJ must always evaluate the opinions from such sources and may not simply ignore them. In other words, an ALJ must evaluate the opinion of a non-examining source and explain the weight given to it. Social Security Ruling ("SSR") 96-6p, 1996 WL 374180, at *2. Although an ALJ generally gives more weight to an examining doctor's opinion than to a non-examining doctor's opinion, a non-examining doctor's opinion may nonetheless constitute substantial evidence if it is consistent with other independent evidence in the record. *Thomas*, 278 F.3d at 957; *Orn*, 495 F.3d at 632-33.

An ALJ may also consider lay-witness sources, such as testimony by nurse practitioners, physicians' assistants, and counselors, as well as "non-medical" sources, such as spouses, parents, siblings, and friends. *See* 20 C.F.R. § 404.1513(d). Such testimony regarding a claimant's symptoms or how an impairment affects his/her ability to work is competent evidence, and cannot be disregarded without comment. *Dodrill v. Shalala*, 12 F.3d 915, 918-19 (9th Cir. 1993). If an ALJ chooses to discount testimony of a lay witness, he must provide "reasons that are germane to each witness," and may not simply categorically discredit the testimony. *Dodrill,* 12 F.3d at 919.

//

2.  *Dr. Rubin*

Dr. Rubin examined Plaintiff in September 2009, and opined that Plaintiff could perform simple, repetitive tasks, but would have "great difficulty accepting instructions from supervisors, interacting with co-workers and the public." AR at 332-37. Dr. Rubin believed that Plaintiff could perform work activities on a consistent basis, without special or additional instruction, and that he could maintain regular attendance in the workplace and complete a normal workday and workweek without interruptions from psychiatric conditions. AR at 337. She indicated that Plaintiff "would struggle to cope with the usual stress encountered in competitive work." *Id*.

The ALJ did not discuss Dr. Rubin's conclusions, but found that the Global Assessment of Functioning ("GAF") score that she assigned — 45, indicating "serious symptoms" or "any serious impairment in social, occupational, or school functioning" — was not supported by the record. AR at 23; Diagnostic and Statistical Manual of Mental Disorders 34 (4th ed. 2000).

Plaintiff argues that the ALJ's rationale lacks specificity, because the ALJ did not explain how the record contradicts any part of Dr. Rubin's opinion. Dkt. 11 at 14-15. The Commissioner does not discuss or defend the ALJ's reasoning as to Dr. Rubin's opinion. Dkt. 12 at 5-6. The Court agrees that the ALJ failed to provide a specific, legitimate reason to discount Dr. Rubin's opinion and this opinion should be reconsidered on remand.

3.  *Dr. Parlatore*

Dr. Parlatore examined Plaintiff in August 2012, and suspected that he smelled alcohol on Plaintiff at the time. AR at 488-90. Dr. Parlatore concluded that Plaintiff's social interaction and adaptation were markedly impaired, and that he could not be expected to perform activities within a schedule, maintain regular attendance, or complete a normal workday or workweek without interruptions from his conditions. AR at 491.

REPORT AND RECOMMENDATION - 12

The ALJ found that Dr. Parlatore's conclusions, as well as the GAF score of 45 that he assigned, were inconsistent with Dr. Parlatore's objective test results as well as the record as a whole. AR at 23. Plaintiff argues that this reasoning lacks the requisite specificity, and the Court agrees. It is not clear to which objective findings the ALJ refers: Dr. Parlatore did not objectively test Plaintiff's social interaction or adaptation, for example. The ALJ also fails to explain which parts of the record are inconsistent with Dr. Parlatore's opinion. Again, the Commissioner does not discuss or defend the ALJ's reasoning as to Dr. Parlatore's opinion. Dkt. 12 at 5-6. The ALJ should reconsider Dr. Parlatore's opinion on remand.

4. *Ms. Herbert*

Ms. Herbert, along with her associate Joshua Griggs, M.D., co-wrote a letter and a form opinion regarding Plaintiff's limitations in June 2013. AR at 713-17. The ALJ rejected the letter as not supported by reference to objective findings or test results. AR at 23. This is a specific, legitimate reason to discount the Herbert/Griggs letter, because the letter generally describes Plaintiff's worsening depression and anxiety, and his desire to improve his conditions, but does not reference any supporting evidence. AR at 717; *Batson v. Comm'r of Social Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004).

The ALJ discounted the Herbert/Griggs form opinion because the checkbox opinions did not reference objective findings, and because Ms. Herbert was not an acceptable medical source. AR at 24. Ms. Herbert's status as a non-acceptable medical source is not a legitimate reason to discount the opinion, particularly because it was co-signed by Dr. Griggs. But the ALJ's other reason is legitimate, because the form opinion does not contain an explanation for the foundation of the opinion. *See Crane v. Shalala*, 76 F.3d 252, 253 (9th Cir. 1996) (ALJ permissibly rejected three psychological evaluations "because they were check-off reports that did not contain any explanation of the bases of their conclusions").

REPORT AND RECOMMENDATION - 13

5.  *Ms. Kildow*

Ms. Kildow wrote a letter in July 2013 describing her observations of Plaintiff since his coma. AR at 718. Ms. Kildow mentioned Plaintiff's memory problems, and his worsening anxiety and depression. *Id*. She opined that due to his worsening mental issues, "he does not appear capable to work nor maintain a job." AR at 718.

The ALJ rejected Ms. Kildow's opinion because "she is not an acceptable medical source to make such a statement." AR at 24. But a non-acceptable medical source's opinion is competent evidence to describe the severity of a claimant's condition and how it affects his or her ability to work. *See* 20 C.F.R. §§ 404.1513(d). The ALJ did not, therefore, provide a germane reason to discount Ms. Kildow's opinion. On remand, the ALJ should reconsider this opinion.

C.  <u>Plaintiff has Failed to Identify an Error in the ALJ's Assessment of Lay Witness Evidence.</u>

Plaintiff argues that the ALJ erred in discounting statements written by Plaintiff's cousin and roommate, Deborah Louise Bennett, and Plaintiff's daughter, Jennifer Mingo. Dkt. 11 at 17. There are no statements from either a Ms. Bennett or a Ms. Mingo in the record, however. Thus, Plaintiff has failed to identify an error in the ALJ's assessment of lay witness evidence.

VIII.  CONCLUSION

For the foregoing reasons, the Court recommends that this case be REVERSED and REMANDED to the Commissioner for further proceedings not inconsistent with the Court's instructions. A proposed order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit by no later than **January 25, 2016**. Failure to file

REPORT AND RECOMMENDATION - 14

objections within the specified time may affect your right to appeal.  Objections should be noted for consideration on the District Judge's motion calendar for the third Friday after they are filed.  Responses to objections may be filed within **fourteen (14)** days after service of objections.  If no timely objections are filed, the matter will be ready for consideration by the District Judge on **January 29, 2016**.

This Report and Recommendation is not an appealable order.  Thus, a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the assigned District Judge acts on this Report and Recommendation.

DATED this 11th day of January, 2016.

JAMES P. DONOHUE
Chief United States Magistrate Judge

REPORT AND RECOMMENDATION - 15